# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Chelsea Powers,** *et al.***,** ) | **CASE NO. 1: 23 CV 1160** |
| ) | |
| Plaintiffs, ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| v. ) | |
| ) | **Memorandum of Opinion and Order** |
| **The State of Ohio,** *et al.***,** ) | |
| ) | |
| ) | |
| Defendants. ) | |

## Background and Introduction

Plaintiff Chelsea Powers has filed a *pro se* civil rights complaint in this case purportedly on behalf of herself and Samir Nelson (collectively "plaintiffs") against seven defendants which include, among others, the State of Ohio, former Cuyahoga County Common Pleas Judge Dick Ambrose, Cuyahoga County Assistant Prosecuting Attorney Hannah Singerman, and the Cuyahoga County Treasurer. (Doc. No. 1.) The complaint, though unclear, relates to a tax foreclosure action in Cuyahoga County over which Judge Ambrose presided, *Treasurer of Cuyahoga Cty. v. Perry Leonard Jennings, et al.*, No. Case No. CV-19-912619 (Cuy. Cty. Ct. Of Comm Pls. ) ("Tax Foreclosure Case"). The Tax Foreclosure Case was initiated on March 15, 2019, and resulted in disposition of the subject property on September 23, 2019.

Plaintiffs' complaint challenges the propriety of the Tax Foreclosure Case. In addition to state-law claims, plaintiffs' complaint alleges federal claims "to enforce constitutional rights under 42 U.S.C. § 1983" and for "conspiracy" under 18 U.S.C. §§ 241 and 242. (Doc. No. 1 at 1.)

Plaintiffs did not pay the filing fee, and only Samir Nelson filed a motion to proceed *in forma pauperis*. (*See* Doc. No. 2.) A plaintiff may not appear in federal court *pro se* on behalf of anyone other than himself or herself; therefore, plaintiff Powers, who signed the complaint, may not bring the action on behalf of Samir Nelson. Further, Powers may not proceed without paying the filing fee or filing her own application to proceed *in forma pauperis*. The Court, however, finds it would be futile to require plaintiffs to correct these deficiencies because it finds that the complaint is subject to *sua sponte* dismissal for the reasons stated below.

## Standard of Review and Discussion

Pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), district courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, any complaint where the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the matter. *Id.* at 480.

Plaintiffs' complaint warrants *sua sponte* dismissal pursuant to *Apple v. Glenn*. Plaintiffs filed the same complaint, alleging the same claims relating to the Tax Foreclosure Case against the same defendants in state court. *See Chelsea Powers, et al. v. The State of Ohio, et al.*, CV-23-980822 (Cuy. Cty. Ct. of Comm. Pls.). On July 28, 2023, the state court entered a final judgment dismissing plaintiffs' complaint as against all defendants, finding among other things that the complaint did not satisfy notice pleading standards and that plaintiffs' alleged claims were barred by applicable Ohio and federal statutes of limitations, the doctrines of *res judicata*

and *lis pendes*, governmental immunity, and lack of a private right of action. *See id.*, July 28, 2023 Docket Entries.

The common law rules of *res judicata* and collateral estoppel preclude a plaintiff from filing an action regarding matters that already have been decided in state court. *Allen v. McCurry*, 449 U.S. 90, 96-97 (1980). Under *res judicata*, a final judgment on the merits of an action precludes parties from re-litigating issues that were or could have been raised in that action. *Id*. at 94. Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision precludes re-litigation of the issue in a suit on a different cause of action involving a party to the first case. *Id*. "[R]es judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Id.*

Federal courts are required by statute to give the same preclusive effect to a state court judgment as that judgment receives in the rendering state. 28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007). In Ohio, the doctrine of *res judicata* encompasses the *res judicata* and collateral estoppel rules described above. *See, e.g., State ex rel. Davis v. Pub. Emp. Ret. Bd.*, 120 Ohio St. 3d. 386, 392 (2008); *Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 382 (1995). The rule provides that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997).

Plaintiffs' claims in this case lack merit and are no longer open to discussion on the basis of *res judicata*. The same claims and issues raised in the complaint were raised and already

decided by a state court, and this Court must give preclusive effect to the state court judgment.

Further, the Court agrees with the determinations by the state court with respect to plaintiffs' alleged federal claims. In particular, the Court agrees that any federal claims plaintiffs assert under § 1983 are time-barred. Plaintiffs' complaint pertains to a foreclosure on property which commenced over four years ago. Section 1983 claims are subject to a two-year statute of limitations. *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989). In addition, plaintiffs have no private right of action under federal criminal statutes 18 U.S.C. §§ 241 and 242. *Booth v. Henson*, No. 06-1738, 2008 WL 4093498, at *1 (6th Cir. Sept. 5, 2008); *United States v. Oguaju*, No. 02-2485, 2003 WL 21580657, at *2 (6th Cir. July 9, 2003).

## Conclusion

Accordingly, for the reasons stated above, this action is dismissed in accordance with the Court's authority established in *Apple v. Glenn*. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 10/5/23